**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES W. GAVIN, | CASE NO. CV 11-00095 AHM (RZ) |
| Petitioner, | |
| vs. | MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| HARLEY LAPPIN, et al., | |
| Respondents. | |

Because Petitioner brings a habeas action that improperly challenges conditions of his confinement, rather than the validity or duration of that confinement, this action is not a proper petition for habeas corpus relief.  The Court thus will dismiss the action summarily, without prejudice to Petitioner's pursuit of relief through a civil rights action.

Petitioner Charles W. Gavin is an federal inmate housed at Victorville.  In this U.S.C. § 2241 habeas action, he asserts that prison officials lost nearly $500 of his personal property.  But the principal purpose of a habeas corpus writ is to provide a remedy for prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking either immediate release or a sooner-than-currently-scheduled release.  *See Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding that habeas petition, not civil rights action, was proper vehicle for seeking restoration of good-time

1  credits).  The Supreme Court has left open the possibility that habeas petitions "may . . .
2  also be available to challenge . . . prison conditions," which ordinarily must be challenged
3  by way of a civil rights action.  *Id.* at 499-500; *accord, Bell v. Wolfish*, 441 U.S. 520, 527
4  n.6, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (noting the possibility of habeas as a means
5  to address prison conditions, but declining to decide the issue).  Nor has the Ninth Circuit
6  completely foreclosed the possible use of habeas actions to challenge prison living
7  conditions.  *See Docken v. Chase*, 393 F.3d 1024, 1030 & n.6 (9th Cir. 2004) (collecting
8  cases illustrating how the Ninth and several other "Circuits have struggled . . . with the
9  distinction between the two remedies" but noting that "[n]one ha[s] suggested that the
10 avenues for relief must always be mutually exclusive").

11         But allowing a habeas corpus action to challenge prison conditions appears
12 to be the rare exception, both in this jurisdiction and others.  The Ninth Circuit has made
13 clear that the preferred, "proper" practice is to limit habeas cases to claims that would lead
14 to the petitioner's release sooner than otherwise would occur, and to confine other prisoner
15 claims to civil rights suits.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding
16 that, because the subset of prisoner-plaintiff claims that could have been brought in a
17 habeas action had become moot, district court could and should proceed with remaining
18 claims, which challenged conditions, and not fact or duration, of confinement); *accord*,
19 *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of
20 habeas petition because petition's challenges to conditions of confinement must be brought
21 in civil rights action).

22         Several cases from other jurisdictions also persuasively hold that habeas
23 corpus ordinarily is a proper vehicle only for those claims that, if successful, would result
24 in the petitioner's accelerated release.  *See, e.g.*, *Carson v. Johnson*, 112 F.3d 818, 820-21
25 (5th Cir. 1997) (applying a "bright-line rule" whereby prisoner's action properly may be
26 a habeas petition if and only if a favorable ruling automatically would entitle prisoner to
27 accelerated release; all other prisoner actions sound in civil rights, not habeas); *Turner v.*
28 *Johnson*, 46 F. Supp. 2d 655, 665 (S.D. Tex. 1999) ("when a reassignment from

administrative segregation . . . would not automatically shorten [a prisoner's] sentence or lead to his immediate release, no liberty interest is implicated" under the Due Process Clause) (*following Carson, supra*); *Frazier v. Hesson*, 40 F. Supp. 2d 957, 962 (W.D. Tenn. 1999) (holding that prisoner may not employ habeas corpus petition "to attack his confinement to segregation or . . . a maximum security classification"). Judge Easterbrook, writing for the Seventh Circuit in *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998), openly questioned whether the state prisoner-petitioner in that case properly could utilize habeas corpus, rather than a civil rights action, to challenge his three-year assignment to disciplinary segregation for conspiring to incite a prison riot – but the Seventh Circuit's decision did not require an answer to that question.  140 F.3d at 714 (*dicta*).

Here, if Petitioner's claim were to succeed, he would not be entitled to an accelerated release from confinement.  Instead, he would get his property back or receive the fair value of it.  The Court sees no justification in this instance for deviating from what the Supreme Court in *Preiser*, the Ninth Circuit in *Badea*, and other courts elsewhere have held to be the "proper" course, namely requiring conditions-of-confinement claims like

For the foregoing reasons, the Court DISMISSES the action WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: January 12, 2011

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE